UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 20-CR-194

EVAN PASICZNYK,

    Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

    Evan Pasicznyk, by counsel, hereby submits this sentencing memorandum. At paragraph 20 of the plea agreement, the government agrees to recommend the mandatory minimum sentence of 60 months. *See also* PSR @ ¶ 9. Pasicznyk is asking the court to impose that same sentence, essentially making this a joint recommendation. Pasicznyk has no prior record and has always provided emotionally and financially for his family. Even while out, Pasicznyk has continued to work and provide for his now ex-wife and three daughters. In a case like this, there are many reasons to argue as to why the mandatory minimum is too high, however it is the law and the lowest sentence the court can impose so

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

1

Case 1:20-cr-00194-WCG   Filed 03/23/21   Page 1 of 3   Document 16

that is what Pasicznyk is requesting the court impose. Friends and family of Pasicznyk have provided letters of support and they are attached here.

Pasicznyk requests the court allow him to self- surrender and that the court put self-surrender off until after June 1, 2021. This request is based on a number of things: First, and most significantly, we are in the middle of a pandemic right now and that additional time will allow more people to become vaccinated, especially within the Bureau of Prisons. That will also allow Pasicznyk to be in a position where he can be full vaccinated prior to entering prison. That helps not only Pasicznyk, but everyone involved in the system from preventing further spread of COVID. Second, allowing Pasicznyk to self-surrender would allow him to have contact with less people because it would not require transport by the United States Marshals or the BOP. Going to one designated institution rather than many jails and other prisons along the way decreases his exposure to the virus and others exposure to him. Third, self-surrender also provides him with a better classification category within the BOP. For someone entering prison for the first time, that is extremely significant. Fourth, allowing a self-surrender date after June 1, allows Pasicznyk to continue working to save money to provide for his family while he is incarcerated, as well as providing an advance date to his employer to maintain a positive work history

that may allow him to return upon his release from incarceration. Finally, fifth, Pasicznyk has been on pretrial release since October 23, 2021, and has had no violations of his conditions of release. For all those reasons, Pasicznyk should be allowed to self-surrender to begin serving his sentence of incarceration.

Pasicznyk also requests the court recommend placement at a facility as close to his home in Burnsville, Minnesota, as possible. Pasicznyk has relied greatly on the support of his family and proximity to them is important to allow for continued communication and support throughout his time of incarceration.

Finally, Counsel has reviewed the conditions of supervised release appearing at pages 17-21 of the PSR with Pasicznyk. He has no objection to them based on the reasoning stated therein. Pasicznyk also agrees to waive reading of the conditions at the time sentence is imposed.

Dated at Green Bay, Wisconsin, this 23rd day of March, 2021.

Respectfully Submitted,

**s/ Krista Halla-Valdes**
Krista Halla-Valdes, FL Bar #0073369
Attorney for Evan Pasicznyk
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301-4401
Tel: 920-430-9900
Fax: 920-430-9901
krista_halla-valdes@fd.org