# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 20-CR-194<br>USM Number: 13993-509 |
| EVAN C. PASICZNYK | <u>Krista A. Halla-Valdes</u>     <u>Daniel R. Humble</u><br>Defendant's Attorney     Assistant United States Attorney |

THE DEFENDANT pled guilty to count one of the indictment. The Defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(2)(A) | Distribution of Child Pornography | February 20, 2020 | 1 |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED, that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

Date Sentence Imposed: March 29, 2021

s/ William C. Griesbach
United States District Judge

Date Judgment Entered: March 30, 2021

AO 245B (Rev. 09/19) Judgment in a Criminal Case

DEFENDANT: EVAN C. PASICZNYK
CASE NUMBER: 20-CR-194

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of sixty (60) months.

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant be placed at a facility nearest to his home in Burnsville, MN as possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Office on or after June 1, 2021.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
with a certified copy of this judgment.

_____
United States Marshal

_____
By: Deputy United States Marshal

DEFENDANT: EVAN C. PASICZNYK
CASE NUMBER: 20-CR-194

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of five (5) years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess or use a controlled substance.
   - ☐ You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. (check if applicable)
   - ☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
3. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3363 and 3363A or any other statute authorizing a sentence of restitution. *(check if applicable)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached pages.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

DEFENDANT: EVAN C. PASICZNYK
CASE NUMBER: 20-CR-194

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You shall report to the probation office in the district to which you are released within 72 hours of your release from the custody of the Bureau of Prisons and shall report to the probation officer in a manner and frequency as reasonably directed by the Court or probation officer.
2. You shall not leave the district in which you are released without permission of the court or probation officer.
3. You shall answer truthfully all inquiries by the probation officer, subject to your Fifth Amendment right against self-incrimination, and follow the reasonable instructions of the probation officer.
4. You shall use your best efforts to support your dependents.
5. You shall use your best efforts to find and hold lawful employment, unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. You shall notify the probation officer at least ten days prior to any change in your place of residence or employment. When such notification is not possible, you shall notify the probation officer within 72 hours of the change.
7. You shall not associate with any persons known by you to be engaged or planning to be engaged in criminal activity. "Associate," as used here, means reside with or regularly socialize with such person.
8. You shall permit a probation officer to visit you at reasonable times at home and shall permit confiscation of any contraband observed in plain view of the probation officer.
9. You shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

DEFENDANT: EVAN C. PASICZNYK
CASE NUMBER: 20-CR-194

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in an approved program of sex offender mental health assessment and treatment, until such time as he is released from the program by his probation officer. This assessment and treatment may include the polygraph to assist in planning and case monitoring. Any refusal to submit to such assessment or test as scheduled is a violation of the conditions of supervision. The defendant shall waive confidentiality between his supervising probation officer and the sex offender treatment provider and pay the cost of this program under the guidance of his probation officer.
2. The defendant shall cooperate with and participate in a computer and internet monitoring and restriction program, and pay the cost of such program as directed. The defendant shall not possess or use any device with access to the internet without the permission of his supervising probation officer and absent the monitoring program, and he shall not possess or use any data encryption or data erasure technique or program. The defendant shall provide his probation officer a complete inventory of all electronic and Internet capable devices, all of his computer pseudonyms, passwords, and logons. The defendant shall consent to his probation officer conducting periodic unannounced examinations of his computer(s) equipment, which may include hardware, removable storage/media devices, and copying of all data from the computer(s). This also includes removal of such equipment by his probation officer, when necessary, for the purpose of conducting a more thorough examination.
3. The defendant shall submit his person, property, house, residence, vehicle, office, papers, computers, other electronic communications or data storage devices, or media, to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of their release and that the areas to be searched may contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.
4. The defendant shall not have intentional one on one contact with unrelated children under the age of 18 unless approved in advance, in writing, by his probation officer, and then only in the physical presence of a responsible adult who has been advised of the defendant's criminal history, and shall report within 8 hours to the probation office any unauthorized contact with children.

DEFENDANT: EVAN C. PASICZNYK
CASE NUMBER: 20-CR-194

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| **Total Special Assessment** | **AVAA Assessment*** | **JVTA Assessment**** | **Total Fine** | **Total Restitution** |
|---|---|---|---|---|
| **$100.00** | $0.00 | $0.00 | $0.00 | $0.00 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| PAYEE | AMOUNT |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
| **TOTAL:** |  |

☐  Restitution amount ordered pursuant to plea agreement: $_____.
☐  The defendant must pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
☐  The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the ☐ fine ☐ restitution.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

DEFENDANT: EVAN C. PASICZNYK
CASE NUMBER: 20-CR-194

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $100.00 due immediately

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal monthly installments of not less than $\_\_\_\_\_ or 10% of the defendant's net earnings, whichever is greater, until paid in full, to commence 30 days after the date of this judgment; or

**D** ☐ Payment in equal monthly installments of not less than $\_\_\_\_\_ or 10% of the defendant's net earnings, whichever is greater, until paid in full, to commence 30 days after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within 30 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties: _____

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names           Joint and Several     Corresponding Payee,
*(including defendant number)*      Total Amount      Amount         if appropriate


☐ The defendant shall pay the cost of prosecution; or ☐ The defendant shall pay the following court costs:

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
  1. A Samsung table, Model GT-N8013ZW, bearing serial number R32CB02N3YP; and
  2. A Samsung Galaxy S9 cell phone, Model SM-G960U.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.